IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTIAN ALEXIS MORALES-RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-1042-HE |
| ) | |
| LELAND DUDEK, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant.[1] ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **AFFIRMED.**

I.   PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 30-51). The Appeals Council denied

---

[1] Leland Dudek became the Acting Commissioner of Social Security Administration on February 18, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff's request for review. (TR. 1-4). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416-920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful since July 24, 2020, the alleged onset date. (TR. 33). At step two, the ALJ determined that Mr. Morales-Rivera suffered from the following "severe" impairments: post-traumatic stress disorder (PTSD); depression; and generalized anxiety disorder. (TR. 33). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 43).

At step four, the ALJ concluded that Mr. Morales-Rivera retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember and carry out simple and detailed instructions; can focus and concentrate on such tasks for 2 hour periods and persist at this 8 hours per day, 40 hours per week with normal breaks; can occasionally interact with supervisors and co-workers but never interact with the public; can adapt to occasional changes in work situations.

(TR. 46).

At step four, the ALJ determined that Plaintiff could not perform his past relevant work. (TR. 50). As a result, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 77). Given the limitations, the VE identified three jobs from the

Dictionary of Occupational Titles that Plaintiff could perform. (TR. 77). The ALJ then adopted the VE's testimony and concluded, at step five, that Mr. Morales-Rivera was not disabled based on his ability to perform the identified jobs. (TR. 51).

### III.   ISSUE PRESENTED

On appeal, Plaintiff alleges the ALJ committed legal error by finding "moderate" mental limitations at step two and failing to properly account for the same at step four in the RFC. (ECF No. 9:4-11).

### IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.     NO ERROR IN THE RFC

At step two, the ALJ determined that Plaintiff suffered from severe impairments involving PTSD; depression; and generalized anxiety disorder. (TR. 33). Thus, pursuant to the Social Security regulations, the ALJ was required to rate the degree of Mr. Morales-Rivera's functional limitations in four broad functional areas which included Plaintiff's abilities to: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage himself—the so-called "B" criteria. 20 C.F.R. §§ 404.1520a(c)(3) & 416.920a(c)(3); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(C). In each area, the possible ratings are none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4) & 416.920a(c)(3). Ultimately, the ALJ determined that Plaintiff had "moderate" limitations in all four functional areas. (TR. 44). At step four, the ALJ then found that Mr. Morales-Rivera could:

- understand, remember and carry out simple and detailed instructions and
- focus and concentrate on such tasks for 2 hour periods, persisting 8 hours per day, 40 hours per week, with normal breaks.

(TR. 46).[2] Plaintiff takes issue with the RFC findings, arguing that they do not properly reflect the "moderate" limitations the ALJ found at step two and the findings that Mr. Morales-Rivera suffered from "severe" mental impairments. (ECF No. 9:7-11). The Court should disagree.

---

[2] The ALJ also found that Mr. Morales-Rivera could: (1) occasionally interact with supervisors and co-workers but never interact with the public; and (2) adapt to occasional changes in work situations. (TR. 46). But Plaintiff does not challenge these findings.

Plaintiff first argues that the RFC "allows for detailed instructions, which is consistent with work above the unskilled level . . . [and] because the RFC allows for semi-skilled work, it is not sufficiently limited to accommodate Mr. Morales-Rivera's severe mental impairments." (ECF No. 9:9). This argument is misplaced in two ways. First, the regulations define semi-skilled work as work which "needs some skills but does not require doing the more complex work duties." 20 C.F.R. §§ 404.1568 & 416.968. And although similar, "detailed" and "complex" are not equivalent terms, and this Court has held that "[t]he ability to perform detailed instructions is different than, and not on a continuum with, the ability to perform complex instructions." *Guy v. Berryhill*, No. CIV-16-1285-M, 2018 WL 1415911, at *3, n.6 (W.D. Okla. Feb. 26, 2018), *adopted*, 2018WL 1415628 (W.D. Okla. Mar. 21, 2018). Second, the ALJ limited Plaintiff to unskilled work, *not* semiskilled work, and Mr. Morales-Rivera does not argue that he could not perform any of the unskilled jobs relied on by the ALJ at step five. *See Ruben M. v. O'Malley*, No. 2:23-cv-02349-JWL, 2024 WL 3104579, at *8 (D. Kan. June 24, 2024) (affirming the Commissioner's decision where the plaintiff "ha[d] not shown that finding moderate limitations in the ability to understand, remember, and carry out instructions does not encompass, prohibits finding, or requires finding greater limitations than the ability to 'understand, remember and carry out simple, detailed but not complex instructions' as the ALJ found when assessing [the p]laintiff's RFC").

Secondly, Mr. Morales-Rivera argues that the RFC which allows for him to focus and concentrate on tasks for 2 hour periods, and persist 8 hours per day, 40 hours per week, with normal breaks, "is certainly not a limitation sufficient to accommodate" the ALJ's finding that Plaintiff suffered from moderate limitations in his ability to concentrate,

persist, and pace. (ECF No. 9:10). But as stated, the ALJ determined that Mr. Morales-Rivera had the RFC to understand, remember, and carry out simple and detailed instructions. *See supra*. In doing so, the Court should find that the ALJ properly accounted for the moderate limitation in Plaintiff's ability to concentrate, persist, and pace, as the SSA's Program Operations Manual System ("POMS") reflects a connection between concentration and persistence and the ability to understand, remember, and carry out detailed instructions. *See* POMS § DI 25020.010(B)(2)(4) (stating that "there is an increasing requirement for understanding and memory *and for concentration and persistence*, e.g.: the ability to…*understand and remember detailed instructions*, [and] *carry out detailed instructions*." (emphasis added).

Ultimately, the Tenth Circuit has held that an "ALJ's finding of a moderate limitation . . . does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015). Although "[t]here may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations," *id.*, at 1204, here the Court should find that the RFC limitations adequately accounted for Plaintiff's moderate limitations. *See Nelson v. Colvin*, 655 F. App'x 626, 629 (10th Cir. 2016) ("Unskilled work does not require . . . the ability to maintain attention and concentration for extended periods, an area in which Dr. Tabor noted a moderate limitation."); *S.R.T. v. Commissioner of Social Security*, 2025 WL 509268, at *5 (D. Colo. Feb. 14, 2025) (finding that "by limiting the complexity of instructions that Plaintiff is required to understand, remember, and carry out—thereby limiting the difficulty of the instructions Plaintiff must concentrate on, persist through,

and maintain pace with . . . the ALJ adequately accounted for Plaintiff's [moderate] limitation in concentration, persistence, and pace).

## VI.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be affirmed.

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **May 14, 2025**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII.  STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on April 30, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE